BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for Defendant
NATIONAL MARINE FISHERIES SERVICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| SIERRA CLUB, INC., | Case No. 15-cv-05872 EDL |
|---|---|
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| NATIONAL MARINE FISHERIES SERVICE, | |
| Defendant. | |

## ANSWER

Defendant NATIONAL MARINE FISHERIES SERVICE ("NMFS" or "Defendant") hereby responds to Plaintiff's Complaint for Declaratory and Injunctive Relief as follows:

**I. NATURE OF THE CASE**

1. The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of this civil action as brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 1.

2. The allegations contained in Paragraph 2 consist of Plaintiffs' characterization of the content of its FOIA requests, to which no response is required. Defendant admits that Plaintiff's FOIA

1  requests are attached to the Complaint as Exhibit A.  Otherwise, to the extent that a response is required,
2  Defendant denies each and every factually allegation in Paragraph 2.

3       3.       The allegations contained in Paragraph 3 consist of Plaintiffs' assertions about industrial
4  cooling water and their impact on wildlife, which are not material to this FOIA dispute.  As such, no
5  response is required.  To the extent that a response is required, Defendant is without sufficient
6  knowledge to admit or deny the factual allegations and, on that basis, denies each and every allegation in
7  Paragraph 3.

8       4.       Defendant admits that, despite its good-faith efforts, it has not yet completed its
9  production of documents in response to Plaintiff's August 11, 2014 FOIA request.  However, Defendant
10 has produced a substantial number of documents in response to Plaintiff's FOIA request.  Except as
11 expressly admitted, Defendant denies the allegations in Paragraph 4.

12      5.       Defendant denies the allegations in Paragraph 5.

13 **II.    JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

14      6.       Responding to Paragraph 6, Defendant admits that this Court has jurisdiction over this
15 FOIA action.

16      7.       Responding to Paragraph 7, Defendant admits that venue is proper in this District.

17      8.       Responding to Paragraph 8, Defendant admits that assignment to the San Francisco
18 Division is appropriate.

19 **III.   PARTIES**

20      9.       Defendant is without sufficient knowledge to admit or deny the factual allegations in
21 Paragraph 9 and, on that basis, denies each and every allegation in Paragraph 9.

22      10.      Defendant admits that it is an office of the National Oceanic and Atmospheric
23 Administration within the Department of Commerce.  Defendant admits that it is also known as NOAA
24 Fisheries. Defendant admits that it is subject to FOIA.  Defendant admits that it is in possession (and
25 has produced) some of the documents requested in Plaintiff's FOIA request.  Except as expressly
26 admitted, Defendant denies the allegations in Paragraph 10.

27      11.      The allegations contained in Paragraph 11 consist of legal conclusions, to which no
28 response is required.  To the extent that a response is required, Defendant denies each and every factual

ANSWER
NO. 15-CV-0587 EDL

allegation in Paragraph 11.

12. The allegations contained in Paragraph 12 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 12.

13. The allegations contained in Paragraph 13 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 13.

14. The allegations contained in Paragraph 14 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 14.

15. The allegations contained in Paragraph 15 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 15.

16. The allegations contained in Paragraph 16 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 16.

17. The allegations contained in Paragraph 17 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 17.

**IV.   STATEMENT OF FACTS**

18. Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 18 and, on that basis, denies each and every allegation in Paragraph 18.

19. Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 19 and, on that basis, denies each and every allegation in Paragraph 19.

20. Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 20 and, on that basis, denies each and every allegation in Paragraph 20.

21. Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 21 and, on that basis, denies each and every allegation in Paragraph 21.

1      22.     The allegations contained in Paragraph 22 consist of a quotation from a Second Circuit decision, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 22.

     23.     The allegations contained in Paragraph 23 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 23.

     24.     The allegations contained in Paragraph 24 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 24.

     25.     The allegations contained in Paragraph 25 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 25.

     26.     The allegations contained in Paragraph 26 consist of Plaintiff's characterization of the EPA's proposed regulations, to which no response is required. To the extent that a response is required, Defendant denies each and every factual allegation in Paragraph 26.

     27.     Responding to Paragraph 27, Defendant admits that on June 18, 2013, the EPA requested formal consultation with NMFS and the U.S. Fish and Wildlife Service and that NMFS responded on July 23, 2013, confirming the initiation of formal consultation on the issuance on implementation of the proposed regulation. Responding to the remaining allegations in Paragraph 27, Defendant is without sufficient knowledge to admit or deny the factual allegations and, on that basis, denies each and every allegation in Paragraph 27.

     28.     Defendant admits the allegations in Paragraph 28.

     29.     Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 29 and, on that basis, denies each and every allegation in Paragraph 29.

     30.     Defendant admits that the EPA's final rule under § 316(b) of the Clean Water Act for existing electric generating plans and factories was published in the Federal Register on August 15, 2014.

     31.     Defendant admits that Exhibit A is a true and correct copy of the FOIA request that

1  Plaintiff submitted to NMFS.

2      32.    Defendant denies that allegations in Paragraph 32.

3      33.    Defendant admits the allegations in Paragraph 33.

4      34.    Responding to Paragraph 34, Defendant admits that counsel for the parties conferred

5  regarding the scope of the FOIA requests on or about August 27, 2014.

6      35.    Defendant admits the allegations in Paragraph 35.

7      36.    Defendant admits the allegations in Paragraph 36.

8      37.    Defendant admits that, notwithstanding the fact it was working diligently to respond to

9  the FOIA request, as of December 3, 2014, it had not yet made its first production.  Defendant further

10 admits that on or about December 3, 2014, Sierra Club requested a status update.

11     38.    Responding to Paragraph 38, Defendants states that it was working diligently to search

12 for and review documents in response to the FOIA requests and admits the allegations in Paragraph 38.

13     39.    Defendant admits the allegations in Paragraph 39.

14     40.    Defendant admits the allegations in Paragraph 40.

15     41.    Defendant admits the allegations in Paragraph 41.

16     42.    Defendant admits the allegations in Paragraph 42.

17     43.    Defendant admits the allegations in Paragraph 43.

18     44.    Defendant admits the allegations in Paragraph 44.

19     45.    Defendant admits the allegations in Paragraph 45.

20     46.    Defendant admits the allegations in Paragraph 46.

21     47.    Responding to Paragraph 47, Defendant admits that, on or about November 13, 2015,

22 Plaintiff submitted the administrative appeal to NMFS reflected in Exhibit K.  Except as expressly

23 admitted, Defendant denies the remaining allegations in Paragraph 47.

24     48.    Responding to Paragraph 48, Defendant admits that Plaintiff filed an administrative

25 appeal on November 13, 2015.  In accordance with U.S. Department of Commerce Regulations, the

26 Department of Commerce Office of the Assistant General Counsel for Litigation, Employment, and

27 Oversight sent an acknowledgement letter to Plaintiff confirming receipt of the administrative appeal.

28 15 C.F.R. §4.10(b)(1).  Thereafter, upon receipt of Plaintiff's Complaint for Declaratory and Injunctive

ANSWER
NO. 15-CV-0587 EDL

Relief herein, Defendant elected not to proceed with the administrative appeal process in accordance with U.S. Department of Commerce Regulations. *See* 15 C.F.R. §4.10(e). Except as expressly admitted, Defendant denies the allegations in Paragraph 48.

49. Defendant admits that on or about December 11, 2015, it made its fifth interim production to Plaintiff, comprised of 587 emails and attachments. 106 documents were released in their entirety. 269 documents were partially redacted; 212 documents were fully redacted; and 392 were withheld. Except as expressly admitted, Defendant denies the allegation in Paragraph 49.

50. Defendant admits that, despite its diligence and although a substantial number of the requested documents have been produced, it has not yet completed its production in response to Plaintiff's large and complex, August 11, 2014 FOIA request. Except as expressly admitted, Defendant denies the allegations in Paragraph 50.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

51. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

### SECOND CAUSE OF ACTION

56. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Exhaustion of Administrative Remedies)

2. To the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient and timely administrative claim, this action is barred by a failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE
(Mootness)

3. The Complaint raises claims that are moot.

### FOURTH AFFIRMATIVE DEFENSE
(Statutory FOIA Exemptions)

4. The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one of more statutory exemptions. Disclosure of such information is not required or permitted.

Defendant reserves the right to assert additional affirmative defenses as warranted.

ANSWER
NO. 15-CV-0587 EDL

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by its Complaint;

2. Defendant has judgment against Plaintiff;

3. Defendant be awarded its costs of suit; and

4. For such other and further relief as the Court may deem proper.


DATED:  January 27, 2016                    Respectfully submitted,

                                            BRIAN J. STRETCH
                                            Acting United States Attorney

                                             /s/ *Wendy M. Garbers*
                                            WENDY M. GARBERS
                                            Assistant United States Attorney

                                            Attorneys for Defendant
                                            NATIONAL MARINE FISHERIES
                                            SERVICE

ANSWER
NO. 15-CV-0587 EDL