FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIERRA CLUB, INC., *Plaintiff-Appellee*, <br><br> v. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE; NATIONAL MARINE FISHERIES SERVICE, *Defendants-Appellants*. | No. 17-16560 <br><br> D.C. No. 3:15-cv-05872-EDL <br><br> ORDER |

On Remand from the Supreme Court of the United States

Filed April 26, 2021

Before: J. Clifford Wallace and Marsha S. Berzon, Circuit Judges, and Terrence Berg,[*] District Judge.

Order

---

[*] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

## SUMMARY[**]

### Freedom of Information Act

The panel remanded to the district court for further proceedings following the remand from the United States Supreme Court, *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. __, 141 S. Ct. 777 (2021), which reversed this court, and held that two draft jeopardy biological opinions were exempted from disclosure under the Freedom of Information Act by the deliberative process privilege. The Supreme Court made clear that on remand, a segregability analysis must be undertaken to determine whether any parts of the documents, exempted from FOIA disclosure, were reasonably segregable and must be disclosed to the requesting party.

### COUNSEL

Thomas Pulham and H. Thomas Byron III, Appellate Staff, Civil Division; David L. Anderson, United States Attorney; Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellants.

Reed W. Super and Michael DiGiulio, Super Law Group LLC, New York, New York, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Shaun A. Goho, Emmett Environmental Law & Policy Clinic, Harvard Law School, Cambridge, Massachusetts, for Amicus Curiae Union of Concerned Scientists.

**ORDER**

The previous Judgment in this case has been reversed, and the case has been remanded to this Court for further proceedings. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U. S. \_\_\_\_, 141 S. Ct. 777 (2021).

This Court had affirmed the District Court's decision allowing release under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, of the December 2013 draft jeopardy biological opinions (NMFS 44516.1 and FWS 252), the March 2014 reasonable and prudent alternative (RPA) (FWS 555), and the remaining statistical and instructional documents (NMFS 5597.1, NMFS 61721, NMFS 7544.2, NMFS 37695, NMFS 37667, NMFS 14973.1), but reversed the district court's decision allowing release of the December 2013 RPAs (FWS 279, 308) and the April 2014 draft jeopardy opinion (NMFS 5427.1). *See Sierra Club, Inc. v. U.S. Fish & Wildlife Serv.*, 925 F.3d 1000, 1008–09, 1018 (9th Cir. 2019), *rev'd*, 592 U. S. \_\_\_\_, 141 S. Ct. 777 (providing full list of documents at issue in the case).

In reversing this Court, the Supreme Court held that the two draft jeopardy biological opinions are exempted from disclosure under FOIA by the deliberative process privilege, and that "the logic applied to these drafts also applies to the other draft documents." 141 S. Ct. at 786 n.3. Further, when a document is exempted from FOIA disclosure, agencies must nevertheless disclose "[a]ny reasonably segregable

portion" to a requesting party. 5 U.S.C. § 552(b); *see also Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) ("Factual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are 'so interwoven with the deliberative material that [they are] not [segregable].'") (alterations in original) (quoting *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000)).

The Supreme Court remanded for proceedings consistent with its opinion, making clear in particular that, on remand, a segregability analysis must be undertaken. 141 S. Ct. at 789 n.5 ("We agree with the parties that the District Court must determine on remand whether any parts of the documents at issue are segregable."). Accordingly, the case is hereby **REMANDED** to the District Court for proceedings consistent with the Supreme Court's opinion, including a segregability analysis where indicated. *See U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. at 789 n.5.

**IT IS SO ORDERED.**